UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSIE HOWARD LANTRY, Plaintiff, v. GREYSTAR REAL ESTATE PARTNERS, Defendant. | Case No.17-cv-05267-HRL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |
|---|---|

Pro se Plaintiff Josie Lantry ("Lantry") sues Defendant Greystar Real Estate Partners, Dkt. No. 1, and applies for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2. Lantry has neither consented to nor declined magistrate jurisdiction. For the reasons explained below, the undersigned grants Lantry's IFP application but recommends that the Court dismiss her complaint pursuant to 28 U.S.C. § 1915(e) without leave to amend.

**BACKGROUND**

Lantry's main allegation seems to be that Defendant, a landlord of residential property in San Jose, discriminated against her because she could not afford the rent at one of Defendant's apartment buildings. *See* Dkt. No. 1. Plaintiff alleges: that she took a tour of Defendant's Foundry Commons apartment building in August 2017; that Defendant told her that the rent was $3,000 per month; and that Defendant would not accept as a tenant anyone who earned less than three times the monthly rental fee. *See id.* Lantry cannot afford the advertised rent, but she is under the impression that "all new housing is provided for the people by the people in Congress." *Id.* Lantry seems to believe that Defendant's refusal to rent to her violates some kind of federal policy, and that it amounts to discrimination. *See id.* Lantry's complaint includes a reference to section 804 of the Fair Housing Act of 1968 ("FHA") (codified at 42 U.S.C. § 3604), which

prohibits discrimination in the sale or rental of housing. *Id.* Lantry notes in her complaint that she is disabled due to schizophrenia, and that she is "considered homeless." *Id.*

## LEGAL STANDARD

A court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C. § 1915(a). The applicant must submit an affidavit that includes a statement that she cannot pay the fees, and that lists her assets, income, and other financial information. *Id.*

A court, however, is under a duty to dismiss a case that is filed without prepayment of the filing fees if it determines that the action "is frivolous or malicious; [or] fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The IFP statute accords judges the "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Neitzke*, 490 U.S. at 327; *see also Frost v. Vasan*, 16-cv-05883 NC, 2017 WL 2081094 (N.D. Cal. May 15, 2017), *appeal docketed*, No. 17-16077 (9th Cir. May 24, 2017) (dismissing IFP plaintiff's complaint, which alleged a conspiracy between the CIA, elite businessmen, and a U.S. Senator, as frivolous under section 1915).

A dismissal under section 1915 for failure to state a claim upon which relief may be granted is "essentially synonymous" with a dismissal under Fed. R. Civ. P. 12(b)(6). *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). In addition, a court must liberally construe pleadings authored by litigants

2

who represent themselves. *See Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, C 14-02156-SI, 2014 WL 4437731, at *2 (N.D. Cal. 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

**DISCUSSION**

Based on the affidavit submitted by Lantry, the Court is satisfied that she is eligible to proceed *in forma pauperis* and grants her application. Nevertheless, the undersigned recommends that the Court dismiss the complaint without leave to amend.

Lantry's complaint appears to be anchored in her belief that Defendant's refusal to rent to her somehow implicates the federal government, because "all new housing is provided for the people by the people in Congress. *See* Dkt. No. 1. The undersigned finds that Lantry's complaint, based as it is on an imaginary and false premise, is frivolous within the meaning of section 1915. *See Neitzke*, 490 U.S. at 327. The undersigned recommends, therefore, that the Court dismiss the complaint without leave to amend.

Moreover, to the extent that Lantry's complaint alleges some kind of claim to relief under federal law, the undersigned concludes that it fails to state a claim, and that no amendment could possibly cure the defects. Lantry's complaint includes a passing reference to the FHA, and seems to allege discrimination on the basis of income. *See* Dkt. No. 1. The FHA prohibits discrimination in the sale or rental of certain categories of dwellings on the basis of "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 8604(a). The FHA does not prohibit discrimination on the basis of income or financial circumstances. "To state a discrimination claim under the FHA, a plaintiff must establish a prima facie case by alleging facts that: (1) plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (citing *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir.1999)).

Here, Lantry's complaint does not contain any factual allegations that could give rise to a cause of action under the FHA. The FHA in no way prohibits a landlord from refusing to rent a

3

dwelling because a prospective tenant cannot afford the rent. No amendment could cure this defect with Plaintiff's complaint. Accordingly, the undersigned recommends that the Court dismiss the claim without leave to amend.

## CONCLUSIONS

For the reasons stated above, the undersigned grants Lantry's application to proceed *in forma pauperis*. Further, the undersigned orders that the case be reassigned to a district judge, and recommends that the Court dismiss the complaint without leave to amend because it is frivolous and because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: 9/19/2017

HOWARD R. LLOYD
United States Magistrate Judge